SEP 11 2024 PM1:36
FILED - USDC - FLMD - ORL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

TIMOTHY ALLEN CHEY
DR. SUSAN DIZON-CHEY

     Plaintiffs,

v.

DELTA AIRLINES, INC.,
FERGIE FERGUSON,
LAVELLE LOURY,
JANE DOE (ficitious name),

     Defendants

_____

## **COMPLAINT**

Plaintiffs Timothy Chey and Dr. Susan Dizon-Chey ("Plaintiffs") hereby sues Defendant

DELTA AIRLINES, INC.,, and allege as follows:

### **PARTIES AND JURISDICTION**

1. This is an action for damages in excess of One Hundred Thousand Dollars ($100,000.00),

exclusive of interest, costs, and attorney fees.

2. At all times material hereto, the Plaintiffs were residents of Florida. and sui juris.

3. This is an action for injuries and damages suffered by Plaintiffs while they were

passengers on a domestic flight operated by Defendant DELTA AIRLINES, INC. ("Delta").

4. At all times material, Defendant DELTA AIRLINES has operated services for the

carriage of persons by air within the state of Florida. It's headquarters is in Atlanta, Georgia.

5. At all times material, Defendant DELTA AIRLINES has conducted its business of

carriage of passengers by air from premises within the Eighteenth Judicial Circuit of Florida, which premises are leased or owned by Defendant or by another carrier with which Defendant has a commercial agreement.

6. In the manner described herein, agents of Defendants unlawfully removed Plaintiffs from one of its flights for which they possessed valid tickets on the basis of their perceived race, color, ethnicity, ancestry or national origin. Defendants actions were intentional and in violation 42 U.S.C. § 1981; Title VI of the Civil Rights Act of 1964, 42, U.S.C. § 2000d; the New York Law Against Discrimination, § 8-101 et seq.;

7. Defendant FERGIE FERGUSON is a supervisor of Defendant Delta Airlines and helped orchestrate willful, shameful, and outrageous abuse on both Plaintiffs.

8. Defendant LAVELLE LOURY is a supervisor of Defendant Delta Airlines and helped orchestrate willful, shameful, and outrageous abuse on both Plaintiffs.

9. Defendant Jane Doe – her real name will be ascertained during discovery - was a passenger who brought a cello on the flight and refused to allow Plaintiff Susan to recline. She helped instigate the incident with the participation of Defendant Delta Airlines and Defendant Ferguson.

## JURISDICTION AND VENUE

10. This Federal Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367. Plaintiff is also seeking declaratory and injunctive or monetary relief as authorized by 28 U.S.C. §§ 1343a(4), 2201 and 2202.

11. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b), as this is the district where the Plaintiffs reside.

12. This civil rights suit is brought to ensure that the promise of equal treatment embodied in

the federal and state anti-discrimination laws does not become a meaningless guarantee for persons perceived to be of Asian-American descent. Federal law expressly provides that an "air carrier or foreign air carrier may not subject a person in air transportation to discrimination on the basis of race, color, national original, religion, sex, or ancestry." 49 U.S.C. § 40127(a).

**FACTS GIVING RISE TO THIS SUIT**

13. Plaintiff Timothy Chey is a Harvard and USC alumnus.

14. Plaintiff Dr. Susan Dizon-Chey is a former medical nurse of over 30 years in Boston and Hawaii. She holds a doctorate in divinity from Life Christian University.

15. Timothy Chey is well-known film director of over 16 faith-based movies and documentaries including 'Freedom', 'David and Goliath', 'The Firing Squad', '20 Minutes', 'Journey to Hell', and 'Epic Journey'. His films have reached over 83 million households world-wide. Chey is also a pro-bono attorney.

16. Timothy Chey is half-Korean, half-Japanese. His wife Susan is half-Filipino, half-Japanese.

17. Plaintiffs have never been kicked off any flight in their over 50+ years on this earth.

18. On or about March 28, 2024, Plaintiffs purchased first-class tickets from Delta Airlines for their Flight DL 1239 from New York's Laguardia Airport, to Houston, Texas departing on Sunday, March 31, 2024. Attached is a copy of Plaintiff's confirmation from Delta Airlines for the foregoing ticket (Exhibit A).

19. It was urgent for Plaintiffs to arrive on Sunday evening into Houston as they were to speak at important faith-based conference regarding their Christian movie based on the true story of three Christian prisoners who faced execution in a third-world country and

how their joy in Christ gave hope to all the prisoners in the prison camp. Over 5,000 attendees were expected to be there in Houston.

20. On Sunday, March 31, 2024, Plaintiffs arrived at La Guardia's airport two hours before their flight to ensure they would be on time.

21. At the Delta gate during boarding of its first-class passengers, Defendant Fergie Ferguson suddenly stopped Plaintiff Timothy Chey at the gate as Chey handed her his first-class ticket. She then asked that he speak in Mandarin to a Chinese woman trying to enter first class who apparently did not understand English. Defendant Ferguson said to Chey, "Can you speak in Mandarin to this woman and tell her we're only boarding first class?" pointing to an Asian woman.

22. Plaintiff Tim smiled and said he didn't speak Mandarin. Defendant Ferguson then said, "How can you not speak Mandarin?" Tim calmly replied, "Because I'm not Chinese. And I was born here." Tim smiled at her again not wanting to cause trouble.

23. Who says something like this to a random Asian-American passenger? Let alone a passenger of major airlines. Let the Honorable Court note this. It gets worse.

24. It should also be noted to the Honorable Court that Tim responded in humility and gentleness – not in any way offended. Chey has directed a diverse group of actors including Tom Sizemore, Mira Sorvino, Cuba Gooding, Jr, Michael Irvin (Dallas Cowboys), Jose Caneco, Pam Grier, Tatiana Ali, Kevin Sorbo, Tone Loc, Margaret Cho, John Savage, Eric Roberts, Malcolm McDowell, et al. So he always speaks calmly and rationally even under pressure.

25. Nonetheless, Defendant Ferguson seemed very annoyed, frazzled, and erratic as she commanded Tim and Susan to 'ok just board' in an angry manner.

26. On board the flight, Tim and Susan went to their seats in 2A and 2B. Susan sat in the window seat in 2A as Tim likes to protect his wife from the heavy cart where he's been injured multiple times before. <u>He has never sued any airlines before in Superior or Federal court.</u>

27. Both Susan and Tim were in a relaxed state and ready for a 3.5 hour flight from NYC to Houston. <u>Never in a million years would they ever dream they would be kicked off the flight</u>.

28. Around this time, a frazzeled woman – Defendant Jane Doe – entered the flight with a large cello. She sat down with her cello directly behind Plaintiffs in seats 3A and 3B.

29. She put the cello on the floor in Seat A behind Susan's seat and told her, "You can't lean your chair back, I'm sorry."

30. Tim recognized the woman as he briefly asked her outside the gate if they were boarding and she ignored him which he thought was odd.

31. Plaintiff Susan asked Defendant Jane Doe, "What do you mean?"

32. Defendant Jane Doe said if my wife backed up it would damage her cello and again ordered her not to lean back.

33. Tim then calmly told Defendant Jane Doe that his wife is a former nurse of 30 years who broke her back heroically lifting a 300-pound patient during an emergency and she need to lean back.

34. <u>Defendant Jane Doe again insisted no Susan could not do that.</u>

35. [Side Note to the Court: Tim and Susan later found out through a driver at the airportcart service that Defendant Jane Doe was screaming at the TSA about her cello being

mishandled. More information will be uncovered during discovery and depositions. Tim and Susan are looking forward to to their day at trial in front of a 12-person jury]

36. Plaintiff Tim then sought a solution as the flight was full.

37. He asked the gentleman in front of him if he was going to recline and he said yes.

38. Tim then went to the flight attendant and made her aware of this problem. The entire first class was full.

39. A first-class passenger then offered his seat, but again Defendant Jane Doe did not want to sit in bulkhead.

40. After 10 minutes, Defendant Ferguson entered the plane and told Plaintiffs that the woman behind Tim and Susan did not have to move and her cello stayed. Defendant Fergi Fergusohn wrongfully said that FAA regulations said she could bring a cello, but could not be put in bulkhead. This is NOT what the FAA regulations state.

41.  The cello obstructed Susan from leaning back even one inch.

42. Defendant Jane Doe was not handicapped so the DOT rules also did not apply to her.

43. Defendant Ferguson would not listen to anyone on board the aircraft trying to find a solution. Defendant Ferguson – a supervisor at Delta Airlines - in her incredible seething, deranged, and almost hateful tone to Tim said Plaintiffs would have to move. She wouldn't even listen to Plaintiffs.

44.  Plaintiff Tim then stated calmly (the other passengers are all his witnesses) that what if the woman sat in his wife's seat? That way my wife or him could swap with her seat. Defendant Jane Doe again refused and breathed in angrily like Plaintiffs were the problem.

45. <u>Defendant Ferguson then stated that Plaintiffs could be re-booked without even offering a solution and told Plaintiffs to step off the plane.</u>

46. Defendant Fergie Ferguson knew the Plaintiffs were in the right but her extreme hatred for Plaintiffs clouded her judgment.

47. Another flight attendant then offered economy seats in the back. Not wanting to hold up the flight, Plaintiffs agreed to move to economy. Both Plaintiffs again follow a higher justice and would let God avenge them.

48. Plaintiff Tim said to Defendant Ferguson this was morally wrong.

49. <u>Defendant Jane Doe then told Tim to 'shut up' and 'stop holding up the plane' to which Tim told her he could sue her.</u>

50. <u>This was an outrageous behavior on Defendant Jane Doe's part.</u>

51. "I'm a lawyer and could sue, but I'm not going to as I'm a Christian." Chey made sure to let her know he would not sue her as he is a well-known Believer and has spoken to over 300,000 people at festivals and conferences in many states. His films are well-known in the faith-based community.

52. Defendant Jane Doe then said, "Who cares if you're a Christian."

53. Defendant Jane Doe should have been kicked off the flight – not Plaintiffs.

54. Plaintiffs never raised their voice nor used profanity. This will be backed up during lengthy depositions as Plaintiffs plan to depose hundreds of passengers to get to the bottom of this suit.

55. Plaintiffs went to sit back in 28A and 28B. Ms. Ferguson came down the aisle approximately three minutes later and said very loudly, "You cannot fly on Delta Airlines. Get your bags and get off the plane. Now."

56. The entire plane came to a stand-still as hundreds of passengers heard Defendant Ferguson barking at Plaintiffs. They were all stunned.

57. "Why? Tim asked. "What do we do?" Tim was in a state of shock as Susan.

58. "I'm calling the Port Authority if you refuse to move. Get your things and deplane now!" Defendant Ferguson yelled again in front of everyone. Her conduct was if she was relishing the power and control. Plaintiffs allege she actually enjoyed humiliating customers of a major airlines.

59. "This is out of control," Tim said to her.

60. "Sir, I will not ask you again. You need to get up and deplane now," Ms. Ferguson yelled again.

61. Tim then stood up and told the passengers what was happening and then he and Susan deplaned.

62. As Tim went to get his luggage on top in a panicked-state, he injured his back which caused severe injury to his back. It worsened in the last five months since the incident as has the stress to his entire health system including diabetes and his fear of further flying.

63. Dr. Susan's health has also deteriorated with her now having heart issues and nervousness remembering the horrific incident.

64. As a result of Defendant's wrongful ejecting Plaintiff from the plane, in front of the other passengers, Plaintiffs were subjected to humiliation and embarrassment and severe emotional distress, which continues.

65. Tim and Dr. Susan had to wait until they were met with the airport police outside the gate causing enormous stress and humiliation as hundreds of people watched them outside the gate.

66. Approximately 4-5 police officers came and detained Plaintiffs for more than an hour.

67. The stress caused by the incident took a grave turn on Plaintiff Tim's health and Plaintiff Susan's health. Both are middle-aged couples and Plaintiff Tim's diabetes exacerbated as well as Dr. Susan's heart condition.

68. After approximately 20 minutes, Defendant Lavelle Loury approached the Plaintiffs and told them he was the supervisor over Defendant Ferguson and to give him their side of the story.

69. Plaintiffs did and told him their entire story and wanted to be rebooked.

70. Defendant Loury then walked over to Defendant Ferguson and they spoke for another 15-20 minutes.

71. Defendant Loury then came back and said Plaintiffs were banned from Delta Airlines for the day and could not fly any Delta flights out.

72. Plaintiff Susan was almost in tears at the maliciousness of it all.

73. Plaintiffs then proceeded to another Delta terminal to find help. At a customer service desk, the Plaintiffs explained their situation to a supervisor there.

74. The supervisor then admitted the entire incident should never have happened especially as Defendant Jane Doe was not handicapped so DOT regulations did not apply to her. Further the cello should have gone into the bulkhead Defendant Ferguson was completely wrong about FAA regulations (more will be brought out in discovery and depositions which will start next month in October and November 2024).

75. The supervisor attempted to try to rebook Plaintiffs but said the supervisors blocked and banned Plaintiffs in the system and he couldn't override it.

76. <u>Plaintiffs at this point were beyond grief and despair.</u>

77. Defendant's conduct was so outrageous and so extreme and so malicious in ejecting
Plaintiffs from the airplane as to go beyond all bonds of decency and to be regarded as
atrocious and intolerable and a racially discriminatory action in a civilized. society. Now
Delta Airlines banned them from flying.

78. Because of these incidents, all of Plaintiff's checked-in bags went to Houston.

79. Plaintiffs had no sleep wear and Plaintiff Susan had no toiletries as they checked into a
hotel in New York for another flight on another airlines the following day. There were no
flights on any airlines to fly out that day.

80. This caused even further enormous distress to Plaintiffs.

81. The consequence to these horrific actions by Defendants is Plaintiffs did not want to fly
again. They cancelled many appearances for their film that suffered box office damage.
Their physical injuries were catastrophic as Plaintiff's Tim's back injury combined with
his diabetes and Susan's heart problems – all increased manifold after being kicked off
the plane and humiliated in front of hundreds of passengers on the plane and at the airport
gate with five police officers.

## CLAIMS FOR RELIEF

## COUNT 1

## DISCRIMINATION IN MAKING AND ENFORCEMENT OF CONTRACTS (42 U.S.C. 1981)

82. Plaintiffs repeat and realleges paragraphs as if set forth fully

83. The supervisors and flight crew of Delta Airlines, Flight 1239, on March 31,
2024, were at all relevant times agents and employees of Defendant, Delta Airlines, Inc.

84. Defendant Delta Airlines is liable for the acts of its agents and employees directly and/or

under the doctrine of respondeat superior.

85. Defendant engaged in intentional discrimination based on Plaintiffs perceived race, color, ethnicity, and/or alienage in removing Plaintiffs from Delta Airlines Flight 1239 on March 31, 2024. In doing so, Defendant discriminated against Plaintiffs in the making and enforcement of their contract with Defendant, namely their ticketed travel on Flight 1239 on March 31, 204.

86. Consequently, Defendants caused Plaintiffs to suffer deprivation of their rights to make enforced contracts as enjoyed by citizens of other color under 42 U.S.C. § 1981.

87. Defendant's actions were intentional, extreme, malicious, willful, wanton, callous, and showed reckless disregard for Plaintiffs civil rights, and have directly and proximately caused Plaintiffs enormous financial injury and humiliation, mental pain, and suffering.

## COUNT 2:

### VIOLATION OF THE NEW YORK LAW AGAINST DISCRIMINATION

#### (Unlawful Deprivation of Access to and/or discrimination in Furnishing of a Public Accommodation and/or Public Facility)

88. Plaintiffs repeat the allegations of paragraphs above as if set forth fully herein.

89. Delta Airlines Flight 1239 from which Plaintiffs were removed on March 31, 2024 is a "place of public accommodation" within the terms of the New York Law Against Discrimination in Public Accomodation.

90. The supervisors and flight crew of Delta Airlines, Flight 1239, on March 31, 2024, were at all relevant times agents and employees of Defendant, Delta Airlines, Inc.

91. Defendant Delta Airlines is liable for the unlawful acts of its agents and employees directly and/or under the doctrine of respondeat superior.

Page 11 of 22

92. Defendants removed Plaintiff from Delta Airlines Flight 1249 on March 31, 2024, based on Plaintiffs perceived race, color, ancestry, and/or national origin in removing Plaintiff from Delta Airlines Flight 1249 on March 31, 2024. Defendant's acts violated the New York Law Against Discrimination

93. Defendant's actions were malicious, extreme, willful, wanton, callous, and showed reckless disregard for Plaintiffs civil rights and directly and proximately caused Plaintiff financial injury and humiliation and mental pain and suffering.

## COUNT 3

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### (All Plaintiffs Again st all Defendants)

94. Plaintiffs incorporate all preceding and succeeding paragraphs as though fully set forth herein.

95. All Defendants, and each of them, had a legal duty to Plaintiffs, as foreseeable victims, to exercise reasonable care as set forth herein. Defendants' breach was the legal and proximate cause of the injuries and damages suffered by Plaintiffs.

96. As a result of the negligent conduct of Defendants, and each of them, Plaintiffs suffered serious and severe emotional distress. Defendants knew or should have known that Plaintiffs would be harmed and suffer serious emotional distress during and as a result of their acts, conduct, and/or other wrongdoing, and ensuing kicking two 50-something year olds off a flight in front of hundreds of passengers. Defendants knew or should have known that their conduct would cause serious emotional distress to Plaintiffs and that she or he would be harmed by the ruthless false imprisonment and false accusations to the Port Authority police which caused injuries and property damage. Defendants' conduct

was a substantial factor in causing the Plaintiffs', and each of them, serious emotional distress.

97. As a direct and legal result of Defendants' negligence, Plaintiffs were injured physically, emotionally, and/or economically, and/or were in the zone of danger of being kicked off a plane when they had never been kicked off a flight in their lives, and reasonably feared for their lives as the airport police came with weapons. As a result, Plaintiffs suffered damages as alleged herein.

98. Plaintiffs incorporate herein by reference as though fully set forth, the punitive damages allegations set forth herein in these above paragraphs.

## <u>COUNT 4</u>

## <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

### (All Plaintiffs Again st all Defendants)

99. Plaintiffs incorporate all preceding and succeeding paragraphs as though fully set forth herein.

100.      Defendants engaged in extreme and outrageous conduct. Specific examples of Defendants' outrageous conduct include, but are not limited to, a racist supervisor demanding an Asian-American speak Mandarin, lying about Plaintiff's conduct, kicking Plaintiffs off the flight, calling the airport police, allowing a cello on the plane, lying or disseminating wrongful information about the FAA, allowing Defendant Jane Doe to harass Plaintiffs – all of which would foreseeably lead to harm and/or injuries to the health and safety of the Plaintiffs. Defendants, and each of them, intentionally chose not to take reasonable steps to make the plane safe for travel overseas.

101.     Defendants engaged in the aforementioned outrageous conduct with reckless disregard of the probability that such conduct would result in severe emotional distress to Plaintiffs.

102.     Plaintiffs did in fact suffer severe emotional distress as a result caused by Defendants' outrageous conduct, as alleged herein.

103.     Defendants' outrageous conduct, which led to the devastating ejecting of innocent Plaintiffs off a Delta Airlines flight described herein, was the actual and proximate cause of Plaintiffs' severe and total emotional distress.

104.     The wrongful acts of Defendants were done maliciously, oppressively, fraudulently, and in conscious disregard of the safety and health of the Plaintiffs.

## **COUNT 5**

## **BREACH OF CONTRACT**

105.     Plaintiffs repeatsthe allegations of paragraphs above as if set forth fully herein.

106.     Plaintiffs did all, or substantially all, of the significant things that the contract required them to do, that being, paying for the first-class flights, confirming attendance on the flight, showing up early for the flight and having all luggage checked in 2 hours before departure.

107.     All conditions required by the contract had occurred Plaintiff's payment and action leading up to their flights.

108.     Nonetheless, Defendants and Delta Airlines did something that the contract specifically prohibited Defendants from doing, that is kicking an Asian-American, and a Christian couple off the flight in a <u>vicious, hate-filled, possible racist manner unseen in the history of aviation and banned from flying.</u>

109.     Plaintiffs were thereafter harmed by that failure of Delta and incurred substantial

monetary  damages making alternative plans and arrangements for the long separation

and seeks relief as described in the Prayer for Relief below.

## COUNT 6

### GROSS NEGLIGENCE
### (As to Defendants Delta Airlines, Fergie Ferguson, Lavelle Loury)

110.     Plaintiffs hereby incorporate all the preceding paragraphs as if fully set forth

herein.

111.     Plaintiffs fulfill the four elements to succeed in a gross negligence suit:

Element# 1: Duty

The defendants had all took an extreme departure from the ordinary standard of conduct.

Defendant had a duty to allow plaintiffs to fly to their destination when they did nothing

wrong whatsoever.

112.     Element #2: Breach: Defendant breached this duty to fly Plaintiffs to their

destination to

speak at an important conference by kicking Plaintiffs off the flight for no reason.

113.     Element #3: Cause of Injury: The failure of defendants to allow Plaintiffs to fly to

their  Destination; booting them off the plane, falsely accusing them; falsely imprisoning

them; was the cause of plaintiff's injury, of the loss of substantial time expense and

health.

114.     Element #4: Damages: Plaintiffs have suffered economic and non-economic

damage as more specifically set forth in the prayer below.

115.     Further, Defendant, DELTA AIRLINES, INC., was negligent in at least the

following manner:

a) Failing to properly provide adequate safety policies and procedures for the

flight crew in order to maintain the safety of its passengers;

b) Failing to properly supervise or train the flight crew to ensure the safety of

flight passengers;

c) Failing to specifically train or supervise the flight in proper procedures in

the handling a passenger's cello;

d) Failing to warn Plaintiffs of a mentally-imbalanced Defendant Jane Doe and

her manic obscession with her cello.

d) Failing to properly train, monitor, test, and supervise its agents,

employees and staff;

116.    Defendants were fully responsible for this wrongful injury to Plaintiffs,

committed willfully or by gross negligence, in disregard of humanity.

## COUNT 7:

## NEGLIGENT HIRING, SUPERVISION, TRAINING, AND/OR

## RETENTION)

### (As again st Defendant Delta Airlines)

117.    Plaintiffs incorporate all preceding and succeeding paragraphs as though fully set

forth herein.

118.    DELTA and Defendants had a duty of care in the hiring, retention, training and/or

supervision of their employees, contractors, or agents.

119.    Defendants failed to properly train and/or supervise the pilots and other personnel

responsible for the operation of Flight 1249 with regard to safety procedures for dealing

with an incident where a passenger (Defendant Jane Doe) can bring a cello on to a flight

and refuse to move the cello and cause severe disruptions to legitmate passengers who are then booted from an important flight. DELTA's employees, contractors and agents responsible for operation of Flight 1240 were unfit to perform the work for which they were hired.

120.     Defendants knew or should have known that these employees, contractors, or agents were unfit or incompetent and that this unfitness or incompetence created a particular risk of harm to others, including Plaintiffs.

121.     In failing to exercise reasonable care in the hiring, supervision, training and/or retention of one or more employees, contractors, or agents, Defendants, and each of them, breached a duty of care owed to Plaintiffs.

122.     As a direct and proximate result of the negligence, recklessness, carelessness and other wrongdoing of Defendants, Plaintiffs suffered injuries and damages as alleged herein.

## COUNT 8

### CIVIL CONSPIRACY
### (All Defendants)

123.     Plaintiffs repeat and reallege paragraphs above as if set forth fully herein.

124.     A conspiracy existed between two or more persons to do an unlawful act or to do lawful act by unlawful means, i.e. the meritless prosecution of Plaintiffss with no probable cause whatsoever, including but not limited to the torts set forth above by the Defendants.

125.     Defendants repeatedly consulted with other staff members, managers and others, and continued their tortious actions against Plaintiffs while ejecting Plaintiffs from the plane and then calling the airport police.

126.    Defendants repeatedly consulted with each other and instructed others to commit the tort upon Plaintiffs.

127.    Defendants did overt acts in furtherance of the conspiracy by engaging in assault, battery, malicious prosecution, and the willful destruction of evidence by Defendants against Plaintiffs, and by Defendant Fergie Ferguson giving knowingly perjurious statements to the airport police.

128.    Plaintiffs intend to send discovery to all of the defendants next month in October 2024. They intend to depose every first-class and economy passenger who witnessed the event in question. They plan to go to trial hopefully as soon as the Honorable Court allows the earliest possible date.

129.    Damage to the Plaintiffs as a result of the acts done in furtherance of the conspiracy, included physical, mental issues, and other damages as more fully set forth above. Plaintiffs no longer fly anywhere. The Honorable Court and the general public must be protected from what Defendant Delta Airlines did to them.

## COUNT 9

## FALSE IMPRISONMENT

### (As to Defendants Delta Airlines, Fergie Ferguson, Lavelle Loury)

130.    Plaintiffs incorporate all preceding and succeeding paragraphs as though fully set forth herein.

131.    Plaintiffs were subjected to false imprisonment.

132.    False imprisonment occurs when without the consent of the victim; Defendants confine the victim and restrain the victim/s and had no legal authority to do so.

133.     All Defendants, and each of them, had a legal duty to Plaintiffs, as foreseeable

victims, to exercise reasonable care as set forth herein. Defendants' breach was the legal

and proximate cause of the injuries and damages suffered by Plaintiffs.

134.     They did not.

135.     <u>Defendants not only ejected Plaintiffs off the flight, but then had them falsely</u>

<u>imprisoned.</u>

136.     As a result of the negligent conduct of Defendants, and each of them, Plaintiffs

suffered serious and severe emotional distress. Defendants knew or should have known

that Plaintiffs would be harmed and suffer serious emotional distress during and as a

result of their acts, conduct, and/or other wrongdoing, and ensuing kicking two 50-

something year olds off a flight in front of hundreds of passengers. Defendants knew or

should have known that their conduct would cause serious emotional distress to Plaintiffs

and that she or he would be harmed by the ruthless false imprisonment and false

accusations to the Port Authority police which caused injuries and property damage.

Defendants' conduct was a substantial factor in causing the Plaintiffs', and each of them,

serious emotional distress.

137.     As a direct and legal result of Defendants' negligence, Plaintiffs were injured

physically, emotionally, and/or economically, and/or were in the zone of danger of being

kicked off a plane when they had never been kicked off a flight in their lives, and

reasonably feared for their lives as the airport police came with weapons. As a result,

Plaintiffs suffered damages as alleged herein.

138.     Plaintiffs incorporate herein by reference as though fully set forth, the punitive

damages allegations set forth herein in these above paragraphs.

## REQUESTS FOR RELIEF

WHEREFORE, Plaintiff requests for any or all of the relief as follows:

1. For monetary damages according to proof, including, but not limited to all out of pocket costs incurred due to defendants kicking plaintiffs off the plane; failure to rebook Plaintiffs; falsely imprisoning Plaintiffs.

2. For punitive damages according to proof,

3. For exemplary damages pursuant to U.S. law and the State of Florida for the wrongful injuries to Plaintiffs being subjects of property, committed willfully or by gross negligence, in disregard of humanity.

4. For emotional distress damages according to proof.

5. For consequential damages according to proof,

6. For special damages according to proof,

7. Such other relief as the Court may deem just and proper as:

a. Declare that the actions of Defendant described above constituted discrimination on the basis of race, color, ethnicity, alienage, ancestry, and/or national origin in violation of 42 U.S.C. § 198 l, 42 U.S.C. § 200dk, and the New York Law Against Discrimination in public accomodations;

b. Enter a permanent injunction directing Defendant and its directors, officer, agents, and employee to take all affirmative steps necessary to remedy the effects of the illegal, discriminatory conduct described herein and to prevent similar occurrences in the future;

c. Award Plaintiff compensatory damages in an amount to be determined at trial for the Plaintiffs loss and injury including, but not limited to,

economic losses, humiliation, embarrassment, emotional distress, and a deprivation of his right to enter and enforce a contract and to travel as a passenger in air transportation regardless of his race, color, ethnicity, alienage, ancestry, or national origin;

d. Award Plaintiff punitive damages in an amount to be determined at trial that would punish Defendants for their willful, wanton, and reckless conduct and that effectively deter Defendant from engaging in similar conduct in the future;

e. Order Defendant to cease and desist from all future discrimination or retaliation against Plaintiff;

f. Award reasonable attorneys' fees and the costs incurred in this action; and

g. Award such other relief as the Court deems appropriate and just.

## DEMAND FOR JURY TRIAL

WHEREFORE, Plaintiff demands trial by jury on all issues triable of right by jury.

Dated: September 11, 2024

Respectfully Submitted,

LAW FIRM OF CONSUMER JUSTICE

Timothy A. Chey, Esq, Dr. Susan Dizon-Chey
Plaintiffs (in pro per/pro se)

1415 Brumey Road
Chuluota, Florida 32766
Tel: 424 388 0058
Email: LawFirmofConsumerJustice@activist.com

VERIFICATION

I, Timothy Chey, state that I have read the contents of the document

entitled FIRST COMPLAINT FOR DISCRIMINATION, GROSS NEGLIGENCE,

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, FALSE

IMPRISIONMENT, et al dated September 11, 2024. I have personal knowledge of its

contents. I declare under penalty of perjury of the laws of the State of Florida that the

statements made therein are true except those made on information and belief, and as to

those statements, I believe them to be true.

Timothy Chey

VERIFICATION

I, Dr. Susan Dizon-Chey, state that I have read the contents of the document

entitled FIRST COMPLAINT FOR DISCRIMINATION, GROSS NEGLIGENCE,

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, FALSE

IMPRISIONMENT, et al dated September 11, 2024. I have personal knowledge of its

contents. I declare under penalty of perjuryof the laws of the State of Florida that the

statements made therein are true except those made on information and belief, and as to

those statements, I believe them to be true/

Dr. Susan Dizon-Chey